(C. D. 696)

GRAEMIGER BROS., INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided October 28, 1942)

*Puckhafer, Rode & Rode* (*Howard C. Carter* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Richard E. FitzGibbon*, special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

DALLINGER, Judge: This is a suit against the United States, arising at the port of New York, brought to recover certain customs duties alleged to have been improperly exacted on a particular mechanism invoiced as a "used cutting machine with accessories" and which was classified by the collector as an "old and used textile finishing machine." Duty was levied thereon at the rate of 40 per centum ad valorem under the provision in paragraph 372 of the Tariff Act of 1930 for "all other textile machinery, finished or unfinished, not specially provided for."

It is claimed that said merchandise is properly dutiable at but 27½ per centum ad valorem under said paragraph as a machine and parts thereof not specially provided for; or, at the rate of 25 per centum

ad valorem under said paragraph as textile machinery, not specially provided for, except finishing machinery, by virtue of the trade agreement, modifying said paragraph, made and entered into by and between the United States and the United Kingdom, promulgated in T. D. 49753, 74 Treas. Dec. 253; or, at the rate of 27½ per centum ad valorem under the provision for articles having as an essential feature an electrical element or device in paragraph 353 of said act, as modified by the above-mentioned trade agreement.

The only witness who appeared herein was the president of the plaintiff-corporation. He called the involved merchandise a scallop-cutting machine, and produced a printed representation thereof which is in evidence herein as illustrative exhibit 1. He stated that he had been familiar with the operation of similar machines both here and abroad during the past 40 years; that cotton cloth which had been bleached, finished, and mercerized, and then embroidered and scalloped into the form of handkerchiefs in the piece, is fed into the imported machine which cuts the handkerchiefs apart around the scalloped edges thus producing finished handkerchiefs. As imported, the machine had bolted to its frame an electric motor which furnished the operating power. The witness said it could be motivated from a power table but not from an overhead shaft.

In the brief filed herein by the attorneys for the plaintiff it is alleged that four questions are presented for determination, to wit:

1. Is this a textile machine?

2. If it is a textile machine, is it a finishing machine?

3. If it is not a textile machine is it a machine having as an essential feature an electrical element or device of a kind which could be designed to operate without such electrical element or device and would then be dutiable under paragraph 372?

4. If it is not a textile machine, is it a machine not specially provided for under paragraph 372?

We agree with Government counsel "that plaintiff's attorney has set forth distinctly the issue presented herein." But we do not concur in the view of the plaintiff that the first question should be answered in the negative. On the contrary, we are satisfied that the imported mechanism has been properly classified by the collector as textile machinery.

Counsel for the plaintiff contend that because said machine does not operate upon textile material but rather upon complete handkerchiefs imported in the piece, it may not be deemed a textile machine. The handkerchiefs which are cut apart from the piece by this machine are not usable as handkerchiefs until so cut apart. The fact that they are ready for use as handkerchiefs when so cut does not remove the machine which did the cutting from classification as a textile machine. The present situation is somewhat like that involved in

the case of *United States* v. *Asten Hill Mfg. Co.*, 25 C. C. P. A. 123, T. D. 49243. There the machines in question made complete belts for use in paper-making machines. As ·stated in the syllabus to said decision:

> The fact that the belts are completed articles, ready for use, when they leave the loom, and not belting, does not exclude the loom from classification as *textile machinery*. The provision for textile machinery is sufficiently comprehensive to cover *all* textile machinery not otherwise specially provided for * * * Citing *Whitlock Cordage Co.* case, *supra*.

We are also satisfied that the machine in question is a finishing textile machine because according to the uncontradicted evidence the resultant product thereof consists of finished handkerchiefs.

While there may be some question as to whether said machine falls within the scope of paragraph 353 of the Tariff Act of 1930 as an article having as an essential feature an electrical element or device, nevertheless that provision is less specific than the one in said paragraph 372 for textile machinery, and the latter must therefore prevail. *Julius Forstmann & Co.* v. *United States*, 28 C. C. P. A. 222, C. A. D. 149.

Upon the established facts and the law applicable thereto all claims of the plaintiff must be and they hereby are overruled and the decision of the collector is affirmed. Judgment will be rendered accordingly.